FILED

08/07/2017

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 20, 2017

**DONNELL V. BOOKER v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 96-A-493      Cheryl A. Blackburn, Judge**

_____

**No. M2017-00251-CCA-R3-HC**

_____

Petitioner, Donnell V. Booker, appeals the denial of his second petition for habeas corpus relief in which he argues that his guilty plea to an "out of range" sentence was illegal. Because Petitioner's claim has been previously determined and he fails to state a cognizable claim, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT H. MONTGOMERY, JR., JJ., joined.

Donnell V. Booker, Hartsville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Alexander C. Vey, Assistant Attorney General; Glenn R. Funk, District Attorney General; and Megan King, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual Background*

Petitioner pled guilty to one count of aggravated robbery in February of 1997. In exchange for the guilty plea, the remaining charges of especially aggravated kidnapping, aggravated burglary, especially aggravated robbery, aggravated assault, and reckless endangerment were dismissed. As part of the plea, Petitioner agreed to be sentenced "out of range to 15 years at 35%." The judgment form's special conditions box included the following notation: "defendant waives range."

In November of 2004, Petitioner sought habeas corpus relief on the basis that the trial court imposed a sentence beyond that for which he was eligible and that he did not enter his guilty plea knowingly and voluntarily. Petitioner also alleged that the State failed to give notice that it would seek enhanced punishment and that he received ineffective assistance of counsel. The habeas corpus court dismissed the petition, determining that the judgment was not void and that the remaining claims were not proper grounds for habeas corpus relief. This Court affirmed the dismissal of the petition on appeal. *See Donnell Booker v. Howard Carlton, Warden*, No. E2005-00231-CCA-R3-HC, 2005 WL 1812285, at \*1 (Tenn. Crim. App. Aug. 1, 2005), *no perm. app. filed*.

In January of 2017, Petitioner filed a second petition for habeas corpus relief. In this petition he alleged that his sentence was illegal because he did not knowingly and voluntarily "waive jurisdiction as to range" when he was sentenced and that the trial court did not have jurisdiction to sentence him outside the range. The habeas corpus court denied the petition on January 18, 2017, noting that Petitioner raised an identical claim in the 2004 petition and failed to state a cognizable claim for relief. Petitioner appeals the denial of habeas corpus relief.

*Analysis*

On appeal, Petitioner insists that the habeas corpus court abused its discretion in denying relief. The State disagrees.

In Tennessee, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101. While there is no statute of limitations for filing a petition for a writ of habeas corpus, the grounds upon which habeas corpus relief may be granted are narrow. *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004). Habeas corpus relief is only available when it appears on the face of the judgment or record that the convicting court was without jurisdiction to convict or sentence the defendant, or that the defendant is still imprisoned despite the expiration of his sentence. *Id.*; *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). In other words, habeas corpus relief may be granted only when the judgment is void, rather than merely voidable. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007). A void judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." *Id.* at 256 (citing *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998)). A voidable judgment is "one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Id.* The petitioner bears the burden of showing, by a preponderance of the evidence, that his judgment is void. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). Because the issue of whether habeas corpus relief should be granted is a question of law, we conduct a de novo review without any

presumption of correctness given to the decision of the lower court. *Summers*, 212 S.W.3d at 255.

Here, Petitioner challenges the jurisdiction of the court on the basis that the trial court did not have jurisdiction to sentence him outside the range—an issue he has raised at least once before. *See Donnell Booker*, 2005 WL 182285, at *1. A habeas petition is not the proper place to relitigate issues that have been previously ruled upon. Under the "law of the case" doctrine, issues which have been previously determined on appeal cannot be reconsidered. *Memphis Publ'g Co. v. Tenn. Petroleum*, 975 S.W.2d 303, 306 (Tenn. 1998). "This rule promotes the finality and efficiency of the judicial process, avoids indefinite relitigation of the same issue, fosters consistent results in the same litigation, and assures the obedience of lower courts to the decisions of appellate courts." *Id.* (quoting *Ladd v. Honda Motor Co.*, 939 S.W.2d 83, 90 (Tenn. Ct. App. 1996)).

Moreover, Petitioner's argument that he was improperly sentenced outside the range does not entitle him to habeas relief because it is not the type of issue that would render a judgment void. *See* T.C.A. § 29-21-101; *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007). Offender classifications are often used as tools in plea bargaining, and a habeas corpus petition is not a method for attacking an agreed-upon sentence in a plea bargain. *See McConnell v. State*, 12 S.W.3d 795 (Tenn. 2000); *Hicks v. State*, 945 S.W.2d 706, 708-9 (Tenn. 1997). Additionally, nothing on the face of the judgment indicates that the trial court lacked jurisdiction. The plea agreement indicates that Petitioner agreed to be sentenced as a Range II offender and the fifteen-year sentence imposed on the judgment form reflects that he was sentenced as such. *See* T.C.A. § 40-35-112(b)(2) (listing range of authorized sentence for a Class B felony as "not less than twelve (12) nor more than twenty (20) years"). A trial court can summarily dismiss a petition of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the conviction addressed therein is void. *See Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994); *see also Rodney Buford v. State*, No. M1999-00487-CCA-R3-PC, 2000 WL 1131867, at *2 (Tenn. Crim. App. July 28, 2000), *perm. app. denied* (Tenn. Jan. 16, 2001).

For the foregoing reasons, the dismissal of the petition for habeas corpus relief is affirmed.

_____
TIMOTHY L. EASTER, JUDGE